DANIEL G. BOGDEN
United States Attorney
BRIAN PUGH
Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            PLAINTIFF,<br><br>VS.<br><br>BRETT DEPUE,<br>BRIAN BARNEY, and<br>MARIA ORNELAS,<br><br>                    DEFENDANTS. | CRIMINAL INDICTMENT<br><br>2:10-cr- _/2/_<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 - Conspiracy to Commit<br>Bank Fraud, Mail Fraud and Wire Fraud<br>18 U.S.C. § 1343 - Wire Fraud<br>18 U.S.C. §2 - Aiding and Abetting |

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

At all times relevant to this Indictment:

1.      A "straw buyer" is an individual who allows residential real estate ("property") to be purchased in his or her name to facilitate the acquisition of property and to conceal the identity of the true purchaser from the lender.

2.      A "third party disbursement" is the issuance of money at the closing of a mortgage loan to a person or entity that is not typically entitled to money at the close of the transaction as are the seller and the parties that facilitated the transaction, such as the realtor, mortgage company, mortgage broker, lender, and the title and escrow company.

.   .   .

3.    A "double escrow" is a real estate transaction conducted by a title/escrow company wherein two real estate sales of the same property are conducted at the same time to appear as if there is one transaction and to conceal from the lender the true nature of the transaction.   Typically, a property was sold from the true seller of the property to a middleman.  In this case the middleman was either defendant **BRIAN BARNEY** or other co-conspirators.  The middleman then sold the property to a straw buyer at a substantially inflated price.  The difference between the first sale price and second price was distributed to ABS Investments as seller proceeds.  The paperwork was then prepared to conceal from the seller the second sale and to conceal from the lender the first sale.  In some instances, paperwork was prepared to make it appear as if it was one sale directly from the seller to the straw buyer, removing all evidence of the middleman.

**COUNT ONE**
Conspiracy to Commit Bank Fraud, Mail Fraud, and Wire Fraud

4.    Paragraphs 1 through 3 of this Indictment are re-alleged and incorporated herein as if set forth in full.

5.    From on or about February 1, 2005, to on or about May 31, 2007, in the State and Federal District of Nevada and elsewhere,

**BRETT DEPUE,**
**BRIAN BARNEY, and**
**MARIA ORNELAS,**

defendants herein, did knowingly and willfully combine, conspire, and agree with each other and with others known and unknown to the grand jury:

a.    To devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice, and attempting to do so, did cause to be used U.S. Mail and commercial interstate carriers to send and deliver

2

1 mortgage loan applications, other supporting documentation, and financial instruments, in

2 violation of Title 18, United States Code, Section 1341;

3         b.      To devise a scheme and artifice to defraud and for obtaining money

4 and property by means of materially false and fraudulent pretenses, representations, and

5 promises, and for the purpose of executing the scheme and artifice, and attempting to do

6 so, did cause to be transmitted by means of wire communications in interstate commerce,

7 funds and mortgage loan documents, for purposes of executing the scheme and artifice, in

8 violation of Title 18, United States Code, Section 1343; and

9         c.      To devise a scheme and artifice to defraud and to obtain money and

10 property under the custody and control of federally-insured financial institutions, by means

11 of materially false and fraudulent pretenses, representations and promises, in violation of

12 Title 18, United States Code, Section 1344.

13                              The Objectives of the Conspiracy

14     6.      The object of the conspiracy and scheme was to obtain money and property

15 by causing false information regarding straw buyers' employment, income, assets, liabilities,

16 earnest money deposit, and intention to occupy the property as their primary residence, to

17 be placed in the straw buyers' mortgage loan applications and supporting documentation

18 to obtain mortgage loans from financial institutions. Through these transactions, defendants

19 obtained money and property from financial institutions by causing money from mortgage

20 loans to be disbursed to their own use and benefit.

21                                  Manner and Means

22     7.      The manner and means by which the objectives of the conspiracy were

23 accomplished included, but were not limited to, the following:

24   .   .   .

25   .   .   .

26

a.      Defendants solicited persons to act as straw buyers to purchase real estate. In some instances, defendants caused straw buyers to purchase multiple houses at or about the same time.

b.      Defendants then caused straw buyers to apply for mortgage loans from financial institutions, some of which were federally-insured financial institutions.

c.      Defendants caused the loan applications and supporting documentation to falsely and fraudulently represent the straw buyers' employer, income, assets, liabilities, and intent to occupy the homes as their primary residences, when defendants then and there well knew the information to be false.

d.      Defendants knowingly verified and caused to be verified the straw buyers' false employment to financial institutions when defendants then and there well knew that the straw buyers did not work were defendant represented that they worked.

e.      Defendants obtained money from financial institutions in the form of third party disbursements, sellers' proceeds, and commissions.

f.      Defendants submitted and caused to be submitted by U.S. Mail and commercial interstate couriers to financial institutions, false and fraudulent loan applications and supporting documents to induce the financial institutions to lend money to fund mortgage loans.

g.      Defendants caused documents necessary to the mortgage loan transactions to be transmitted to and from lending institutions by interstate wire communications.

h.      Defendants caused financial institutions to transmit money through commercial interstate couriers and interstate wire communications to pay off prior mortgage loans and to fund new mortgage loans.

.   .   .

.   .   .

4

<u>Overt Acts</u>

8.     On or about the dates below, defendants submitted and caused to be submitted mortgage loan applications and supporting documents to fund the purchase of the properties identified below with each application containing one or more fraudulent representations regarding the borrowers employment, income, assets, and intent to occupy the property as a primary residence, each of which constitutes an overt act:

| Dates | Property Address |
|---|---|
| 4/12/2005 to 8/30/2005 | 7817 Fruit Dove Street, North Las Vegas, NV |
| 7/21/2005 to 9/14/2005 | 2324 Cockatiel Drive, Las Vegas, NV |
| 7/21/2005 to 9/20/2005 | 928 Lloyd George Drive, Henderson, NV |
| 12/30/2005 to 3/9/2006 | 11505 Lone Point Court, Las Vegas, NV |
| 1/4/2006 | 46 Fountainhead Circle, Henderson, NV |
| 1/10/2006 to 2/2/2006 | 2122 Oliver Springs Street, Henderson, NV |
| 1/10/2006 to 2/24/2006 | 11254 Alga Court, Las Vegas, NV |
| 4/4/2006 to 5/23/2006 | 2489 Abbeystone Circle, Las Vegas, NV |
| 5/19/2006 to 6/30/2006 | 11261 Tenza Court, Las Vegas, NV |
| 5/19/2006 to 7/25/2006 | 11624 Aruba Beach Avenue, Las Vegas, NV |
| 6/20/2006 to 6/28/2006 | 3109 Whispering Canyon Court, Las Vegas, NV |
| 6/30/2006 to 7/14/2006 | 7521 Brookwood Avenue, Las Vegas, NV |
| 7/1/2006 to 9/29/2006 | 7530 Apple Springs Avenue, Las Vegas, NV |
| 9/13/2006 to 11/13/2006 | 3276 Alcudia Bay Avenue, Las Vegas, NV |
| 1/9/2007 to 3/28/2007 | 266 Rolling Springs Drive, Las Vegas, NV |
| 2/2/2007 to 2/23/2007 | 4034 Annendale Avenue, North Las Vegas, NV |
| 3/7/2007 to 4/27/2007 | 878 Bare Branch Avenue, Las Vegas, NV |

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWELVE
Wire Fraud and Aiding and Abetting

9.      Paragraphs 1 through 8 of this Indictment are incorporated herein as if set forth in full.

10.     From on or about February 1, 2005, to on or about May 3, 2007, in the State and Federal District of Nevada and elsewhere, defendants,

**BRETT DEPUE,
BRIAN BARNEY, and
MARIA ORNELAS,**

did devise and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises.

11.     On or about the dates set forth below, in the State and Federal District of Nevada and elsewhere, defendants, for the purpose of executing the scheme, did cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds, with each transmission constituting a separate violation of Title 18, United States Code, Sections 1343 and 2:

| Count | Date | Defendant(s) | Wire Communication |
|---|---|---|---|
| 2 | 9/13/05 | BRETT DEPUE | Interstate telephone verification of Dan Jones' employment in the 2324 Cockatiel Dr. transaction |
| 3 | 9/23/05 | BRETT DEPUE | Interstate wire of $549,961.10 to fund the 928 Lloyd George Drive transaction |
| 4 | 2/2/06 | BRETT DEPUE BRIAN BARNEY | Interstate wire of $75,556.57 to fund the 2122 Oliver Springs Street transaction |
| 5 | 2/24/06 | BRETT DEPUE BRIAN BARNEY | Interstate wire of $398,242.51 to fund the 11254 Alga Court transaction |
| 6 | 3/14/06 | BRETT DEPUE BRIAN BARNEY | Interstate fax of lending conditions in the 11505 Lone Point Court transaction |
| 7 | 6/29/06 | BRETT DEPUE | Interstate fax of payoff statements in the 11624 Aruba Beach transaction |

6

| | | | | |
|---|---|---|---|---|
| 8 | 6/29/06 | BRETT DEPUE | | Interstate wire of $420,145.90 to fund the 11261 Tenza Court transaction |
| 9 | 7/6/06 | BRETT DEPUE<br>MARIA ORNELAS | | Interstate wire of money in the 3109 Whispering Canyon Court transaction |
| 10 | 9/26/06 | BRETT DEPUE<br>MARIA ORNELAS | | Interstate fax of Borrower Reference form in the 7530 Apple Springs Street transaction |
| 11 | 4/13/07 | BRETT DEPUE | | Interstate wire of money to fund the 266 Rolling Springs Drive transaction |
| 12 | 4/27/07 | BRETT DEPUE | | Interstate fax or wiring instructions in the 878 Bare Branch Avenue transaction |

All in violation of Title 18, United States Code, Sections 1343 and 2.

7

## FORFEITURE ALLEGATION ONE
(Conspiracy)

1.     The allegation of Count One of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of the felony offense charged in Count One of this Indictment,

**BRETT DEPUE,
BRIAN BARNEY, and
MARIA ORNELAS,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds traceable to violations of Title 18, United States Code, Sections 1341, 1343, 1344, and 1349, a conspiracy, to commit such offense, an *in personam* criminal forfeiture money judgment up to $8,593,000.00 in United States Currency.

3.     If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been place beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property that cannot be divided without difficulty;

.   .   .

.   .   .

8

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any properties of the defendant up to $8,593,000 00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1341, 1343, 1344, and 1349; and Tile 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
(Conspiracy)

1.   The allegation of Count One of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2).

2.   Upon a conviction of the felony offense charged in Count One of this Indictment,

**BRETT DEPUE,
BRIAN BARNEY, and
MARIA ORNELAS,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of Title 18, United States Code, Sections 1341, 1343, 1344, and 1349, a conspiracy, to commit such offense, an *in personam* criminal forfeiture money judgment up to $8,593,000.00 in United States Currency.

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant –

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been place beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

9

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any properties of the defendant up to $8,593,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(2); Title 18, United States Code, Sections 1341, 1343, 1344, and 1349; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
(Wire Fraud and Aiding and Abetting)

1.    The allegation of Counts Two through Thirteen of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction of the felony offense charged in Counts Two through Thirteen of this Indictment,

**BRETT DEPUE,
BRIAN BARNEY, and
MARIA ORNELAS,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $5,657,000.00 in United States Currency.

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

10

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been place beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any properties of the defendant up to $5,657,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Tile 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
(Wire Fraud and Aiding and Abetting)

1.   The allegation of Counts Two through Thirteen of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2).

2.   Upon a conviction of the felony offense charged in Counts Two through Thirteen of this Indictment,

**BRETT DEPUE,**
**BRIAN BARNEY, and**
**MARIA ORNELAS,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, an *in*

11

*personam* criminal forfeiture money judgment up to $5,657,000.00 in United States Currency.

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant –

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been place beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any properties of the defendant up to $5,657,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(2); Title 18, United States Code, Section 1343; and Title 21, United States Code, Section 853(p).

**DATED**: this _10_ day of March 2010.

**A TRUE BILL:**

_____/S/_____
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

BRIAN PUGH
Assistant United States Attorney

12