MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY, ESQ.
Nevada Bar No.: 001945
625 S. Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-9777
Facsimile: (702) 385-3001
E-mail: mace@macelaw.com
*Attorney for Defendant,*
*Brett Depue*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRETT DEPUE, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.: 2:10-CR-121-RLH (RJJ) <br><br> MOTION FOR RECONSIDERATION |

COMES NOW, Defendant BRETT DEPUE, by and through his standby counsel of record, Mace J. Yampolsky, Esq., of the law firm MACE J. YAMPOLSKY, LTD., and submits to this Court the following Motion for Reconsideration, seeking an order from the Court permitting Mace J. Yampolsky to serve as 'hybrid' co-counsel alongside Mr. Depue proceeding pro se, or alternatively, permitting Mace J. Yampolsky to step in and relieve Mr. Depue in the event his representation of himself becomes an impediment to the conduct of a fair trial on the merits.

1

This Motion is made and based on all the pleadings and papers filed herein, the Memorandum of Points and Authorities attached hereto, and any argument(s) adduced at the time of hearing.

## STATEMENT OF FACTS

On February 6, 2012, the defendant BRETT DEPUE (hereinafter "Mr. Depue") sought permission from this Honorable Court to represent himself with Mr. Yampolsky assisting him as standby counsel. See *Minutes of the Court*, Document 120, dated February 6, 2012. The Court subsequently canvassed the defendant pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975), and strongly encouraged him to reconsider proceeding pro se. *Id.* During this hearing the Court explained to Mr. Depue the dangers and disadvantages of representing himself and both Mr. Yampolsky and Mr. Pugh voiced their strenuous concerns about defendant's self-representation. *Id.*

Despite the widespread concern, the Court determined that Mr. Depue understood those risks attendant to representing himself and permitted him to represent himself with Mr. Yampolsky standing by to assist. *Id.* The Court ruled that Mr. Depue made a knowing and voluntary waiver of his right to counsel and granted his request to move forward pro se. *Id.* At that time, appointed counsel Mace J. Yampolsky was relegated to the role of standby counsel, unable to take an active role in conducting Mr. Depue's defense, as he was appointed to do. *Id.*

However, when the court ruled that if Mr. Depue represented himself, he would not be able to comment on his own testimony, Mr. Depue relented and decided to have counsel represent him, which he did throughout jury selection.

In recognition of the complexity of the issues involved in the present case and the vague requirements governing stated income mortgage loans, Mr. Depue believed that his depth of understanding of the issues at trial was superior to that of appointed counsel. See *Minutes of the Court*, Document 122, dated February 7, 2012. Mr. Depue wants to

2

represent himself during certain portions of the trial because he is better versed in the mechanics of real estate transactions, double escrows, and the like. Of course, Mr. Depue is not a licensed attorney and this fact may imperil his ability to have a fair trial if he represents himself with only the aid of standby counsel.

It is instructive that Mr. Depue insisted on representing himself only after AUSA Griswold requested the Court reconsider its admonishments to him regarding his decision to represent himself and allow him to comment on his own testimony See *Minutes of the Court*, Document 122, dated February 7, 2012. After some argument the Court reversed its prior ruling and informed Mr. Depue that he would be permitted to refer to his own testimony during closing argument. This apparently convinced Mr. Depue he was well-equipped to go it alone, and he one again chose to represent himself. *Id.*

Despite standby counsel's requests that he be appointed as hybrid co-counsel or otherwise be permitted to relieve Mr. Depue in the event it becomes clear he cannot defend his interests, the Court reserved its ruling on those issues. *Id.* Standby counsel respectfully submits that the Court can no longer sit idly by while Mr. Depue, due to his obvious lack understanding of the courtroom process including when it is in his best interest to cross examine, and or object to hearsay testimony, destroys any or chance at a fair trial to which he is constitutionally entitled.

## STATEMENT OF AUTHORITIES

**A.    The Sixth Amendment Right to Counsel Applies with Equal Force to Pro Se Defendants-They Too Can Change Their Minds and Substitute Counsel**

Defendants in criminal cases have a federal constitutional right to represent themselves. *Faretta v. California,* 422 U.S. 806 (1975). Further, a defendant has the right to represent himself or herself pro se or to be represented by an attorney. *United States v.*

3

*Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) (per curiam). However, a "defendant does not have a constitutional right to 'hybrid' representation" at trial. *United States v. Kienenberger*, 13 F. 3d 1354, 1356 (9th Cir. 1994). He or she therefore has no absolute right to serve as co-counsel after electing to be represented by an attorney, or to have the attorney serve as co-counsel after being permitted to proceed pro se. *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir.), *cert denied*, 479 U.S. 869 (1986).

Pursuant to the United States Supreme Court's decision in *Indiana v. Edwards*, 554 U.S.164 (2008), however, State trial courts and federal district courts may deny self-representation to defendants who, although competent to stand trial, are not competent to represent themselves at trial due to lacking mental health or some other capacity. The district court also does have the authority, within its sound discretion, to permit hybrid representation where doing so will preserve the dignity and decorum of the courtroom and ensure a fair trial. It should do so here.

In *Indiana v. Edwards,* 128 S.Ct. 2379 (2008), the United States Supreme Court held that the right to self-representation is not an absolute right. Pertinent paragraphs from the Court's opinion in this regard are reprinted below:

> The United States Supreme Court's foundational "self-representation" case, *Faretta*, held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so." 422 U.S., at 807, 95 S.Ct. 2525 (emphasis in original). The Court implied that right from: (1) a "nearly universal conviction," made manifest in state law, that "forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so," id., at 817-818, 95 S.Ct. 2525; (2) Sixth Amendment language granting rights to the "accused;" (3) Sixth Amendment structure indicating that the rights it sets forth, related to the "fair administration of American justice," are "persona[l]" to the accused, id., at 818-821, 95 S.Ct. 2525; (4) the absence of historical examples of forced representation, id., at 821-832, 95 S.Ct. 2525; and (5) "'respect for the individual,'" id., at 834, 95 S.Ct. 2525 (quoting Illinois v. Allen, 397 U.S. 337, 350-351, 90 S.Ct. 1057, 25 L.Ed.2d 353 2384*2384 (1970) (Brennan, J., concurring) (a knowing and intelligent waiver of counsel "must be honored out of 'that respect for the individual which is the lifeblood of the law'")).

4

*Faretta* does not answer the question before us both because it did not consider the problem of mental competency (cf. 422 U.S., at 835, 95 S.Ct. 2525 (Faretta was "literate, competent, and understanding")), and because *Faretta* itself and later cases have made clear that the right of self-representation is not absolute. See *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) (no right of self-representation on direct appeal in a criminal case); *McKaskle v. Wiggins*, 465 U.S. 168, 178-179, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (appointment of standby counsel over self-represented defendant's objection is permissible); *Faretta*, 422 U.S., at 835, n. 46, 95 S.Ct. 2525 (no right "to abuse the dignity of the courtroom"); ibid. (no right to avoid compliance with "relevant rules of procedural and substantive law"); id., at 834, n. 46 (no right to "engag[e] in serious and obstructionist misconduct," referring to *Illinois v. Allen*, supra).

Here, while Mr. Depue has not intentionally obstructed the orderly conduct of his trial as of yet, his failure to appreciate the rules of evidence and his scarcity of legal acumen have already damaged the proceedings. As the Court has seen on numerous occasions, his utter lack of knowledge regarding the appropriate form of a question posed to a Government witness on cross examination threatens to eviscerate any chance of due process or a fair trial.

In the first two days of the Government's case in chief we have heard testimony from unindicted co-conspirators like Daniel Jones and Johanna Pike. Both of these witnesses essentially pointed to Brett Depue as the driving force behind the fraudulent scheme to obtain mortgage loans. Mr. Depue conducted scant and irrelevant cross examination of these vital government witnesses, when he conducted any cross examination at all. If the first two days of trial are to be any indication, the Court should immediately reconsider its refusal to appoint Mace J. Yampolsky as 'hybrid' co-counsel as Mr. Depue has failed in his attempt to represent himself.

B. <u>**The Mere Presence of Mr. Yampolsky as Standby Counsel Is Not Enough to Ensure That Mr. Depue Receives a Fair Trial and May Undermine His Credibility With the Jury**</u>

During opening statements Mr. Depue demonstrated a lack of sophistication and a woefully incomplete understanding of his role as counsel representing himself. On more than one occasion Mr. Depue looked to opposing counsel, AUSA Brian Pugh, or to other court officers seeking approval for the statements he sought to make. In addition, as the Government began to present its case in chief by calling its first several witnesses, Mr. Depue was unable and/or unwilling to conduct any meaningful cross examination of the witnesses despite the fact that the witnesses testified at length as to Mr. Depue's participation in a fraudulent scheme to defraud mortgage lenders. The one-sidedness of the trial proceeding thus far begs the question of whether Mr. Depue is really up to the task of defending his interests in this matter.

When the high court decided *Edwards* in 2008 it held that, "the Constitution permits judges to take realistic account of the particular defendant's mental capabilities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent to stand trial under *Dusky v. United States*, 362 U.S. 402 (1960)…, but who are still not competent to conduct trial proceedings by themselves." *Edwards*, at 177-178. Counsel submits that Defendant Mr. Depue fits this mold ideally.

C. **Trial Courts Have the Authority to Revoke a Defendant's Right to Self-Representation Where the Defendant Is Not Competent to Represent Himself**

Courts of competent jurisdiction have the inherent authority to act affirmatively to protect the dignity and integrity of the justice system at large. The *Edwards* court quoted an amicus curiae brief from the American Psychiatric Association stating that, "disorganized thinking, deficits in sustaining attention and concentration, impaired expressive abilities, anxiety, and other common symptoms of mental illnesses can impair

6

the defendant's ability to play the expanded role required for self-representation even if he can play the lesser role of represented defendant." *Edwards*, 554 U.S. at 176.

It is currently unsettled what standard trial courts should use when deciding whether to deny self-representation under *Edwards*. *Id.*, 554 U.S. at 164. The United States Attorney General has suggested "the standard may be as simple as determining whether the defendant can conceive of a defense and coherently communicate it to the judge and jury." Counsel would submit that even under this standard it is clear that Mr. Depue is in over his head and may well very quickly bury himself beyond the point from which counsel may rescue him.

### CONCLUSION

Based upon the above argument the Defendant, BRETT DEPUE prays this Court grants his Motion for Reconsideration based on the reasoning outlined in *Indiana v. Edwards*, 554 U.S. 169 (2008) and the necessity for preserving the decorum and dignity of the courtroom without imperiling the guarantee of a fair trial for the Defendant.

DATED this 9 day of February, 2012.

By: /s/ Mace Yampolsky
MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY, ESQ.
Nevada Bar No: 001945
625 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-9777
Facsimile: (702) 385-3001
E-mail: mace@macelaw.com
*Attorney for Defendant*
**BRETT DEPUE**

MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY, ESQ.
Nevada Bar No.: 001945
625 S. Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-9777
Facsimile: (702) 385-3001
E-mail: mace@macelaw.com
***Attorney for Defendant,***
***BRETT DUPUE***

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 2:10-CR-121-RLH (RJJ) |
| ) | |
| vs. ) | **[Proposed] ORDER GRANTING** |
| ) | **DEFENDANT BRETT DEPUE's** |
| BRETT DEPUE, ) | **MOTION FOR RECONSIDERATION** |
| ) | |
| Defendant. ) | |

Having come before the Court, it is ORDERED, ADJUDGED, and DECREED that Defendant BRETT DEPUE'S MOTION FOR RECONSIDERATION is hereby GRANTED.

The Motion will be argued on _____ day of February, 2012.

DATED this ____ day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

MACE J. YAMPOLSKY, LTD
625 SOUTH SIXTH STREET
LAS VEGAS, NEVADA 89101
(702) 385-9777