```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff(s), ) | |
| ) | 2:10-cr-121-RLH-RJJ |
| vs. ) | |
| ) | MINUTES OF THE COURT |
| BRETT DEPUE, ) | |
| ) | February 15, 2012 |
|     Defendant(s). ) | |

THE HONORABLE **ROGER L. HUNT** UNITED STATES DISTRICT JUDGE

COURTROOM ADMINISTRATOR KANDY CAPOZZI COURT REPORTER HEATHER NEWMAN

COUNSEL FOR PLAINTIFF(S) BRIAN PUGH; SARAH GRISWOLD

COUNSEL FOR DEFENDANT(S) BRETT DEPUE *(pro se);* MACE YAMPOLSKY *(standby)*

MINUTES OF PROCEEDINGS: **JURY TRIAL (Day Eight)**

The Court convenes at 8:36 a.m. Defendant is present. FBI agent Steven Konrad is present with the Government.

**OUTSIDE THE PRESENCE OF THE JURY**:

The Government's Motion #178 is GRANTED. **IT IS HEREBY ORDERED Counts 9, 11 and 12 are DISMISSED.**

Ms. Griswold informs the Court that the Government's proposed jury instructions regarding the elements of mail fraud and bank fraud were left out.

The Court will preface the instructions by explaining that the Defendant was not charged with the individual charges of mail fraud or bank fraud, but with conspiracy to commit those crimes.

Mr. Depue has no objection to those instructions. Therefore, they will be inserted as 17A and 17B.

Mr. Pugh advises that the Government will be calling John Adams, Mr. Depue's former attorney, as their rebuttal witness. Based upon Mr. Depue's testimony, the Government's position is that the attorney/client privilege has been waived and Mr. Adam's testimony is now appropriate.

Mr. Depue agrees to the waiver of the attorney/client privilege.

The Court inquires if Mr. Adams or his attorney, Ms. Puoy Premsrirut, has any concern regarding the waiver of the attorney/client privilege.
A discussion ensures regarding a correspondence from Mr. Adams to Mr. Depue and another person.

Mr. Depue objects to the other person's name being redacted from the letter.

The Court finds the attorney/client privilege is waived due to Mr. Depue's testimony and also finds that Mr. Adams' testimony falls within the crime fraud exception. Additionally, if the letter is used, it will be used in its redacted form and reference to the other person will not be permitted.

The Court advises Ms. Premsrirut that she may speak or object at any time necessary during Mr. Adam's testimony.

**The jury enters at 9:07 a.m.**

**IN REBUTTAL:**

Mr. Pugh calls James Adams to the stand. The witness is sworn and examination commences. Government's exhibit 79 is marked and admitted into evidence. *The Court explains to the jury that the attorney/client privilege was waived by Mr. Depue by his testimony about conversations he had with his attorney, Mr. Adams. The waiver was as to Mr. Depue only and therefore, the other name has been redacted from the correspondence.* Examination concludes. The witness is cross-examined, further examined on redirect and then excused.

No further witnesses are called in rebuttal.

The Court proposes the jury consider deliberating until 4:30 p.m. and the jury unanimously agrees to do so.

The Court recesses from 10:15 a.m. to 10:39 a.m.

Ms. Griswold gives the Government's closing argument.

Mr. Depue gives his closing argument.

Mr. Pugh gives the Government's rebuttal argument.

The alternate jurors are admonished and dismissed by the Court. The alternates are permitted to remain for lunch under the admonishment that the case will not be discussed in their presence. When they leave, the remaining jurors may commence deliberations.

The Courtroom Administrator administers the oath to the bailiff at 12:00 p.m. and the jury retires.

Counsel and Defendant are directed to provide contact information to the Courtroom Administrator.

The Court recesses at 12:00 p.m.

The Court receives a jury note and reconvenes at 2:12 p.m.
The note is discussed.  The Government notes there were some errors in the transcripts of the phone conversations (Exhibit 53) and therefore will only stipulate to give them to the jury if the conversations on the CD (Exhibit 53) are replayed while the jury follows along with the transcripts. Mr. Depue has no objection to providing the transcripts to the jury. It is agreed the Court will give the explanation. The transcripts are marked 53A-1 and  53B-1 and admitted into evidence.

**The jury enters at 2:26 p.m.**

The Court explains that the parties have stipulated to the admission of the transcripts which have been marked as 53A-1 and 53B-1. The CD (Exhibit 53) will again be played while the jury views the transcripts. When there is a discrepancy between the recording and the transcript, the jury is instructed to accept the voice recording as the evidence.

The CD (Exhibit 53) is played and exhibits 53A-1 and 53B-1 are provided to the jury.

The Court informs the jury that they will be brought back into the Courtroom at 4:30 p.m. and excused for the day unless a unanimous request to stay a little later is received.

Counsel and Mr. Depue are directed to return at 4:30 p.m.

Court recesses from 3:08 p.m. to 4:36 p.m.

**IT IS HEREBY ORDERED the jury shall return tomorrow, THURSDAY, FEBRUARY 16, 2012 at 8:30 a.m. to continue deliberations.**

The jury is admonished and excused at 4:38 p.m.

**OUTSIDE THE PRESENCE OF THE JURY:** Mr. Depue had indicated he wished to bring a matter before the Court outside the presence of the jury, but advises that Mr. Pugh has answered his question and there is no longer a need to address to the Court.

The Court adjourns at 4:39 p.m.

                                            LANCE S. WILSON, CLERK
                                            U.S. DISTRICT COURT

                                            BY: /s/ Kandy Capozzi
                                            Courtroom Administrator