UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CR-00121-RLH-RJJ |
| Plaintiff, | |
| v | **ORDER** |
| | (Motion to Release Audio of testimony–#133) |
| BRETT DEPUE, | |
| Defendant. | |

The United States has fled a **Motion for an Order to Release the Audio of Defendant's Trial Testimony** (#133, filed February 17, 2012). The Government has also ordered a copy of the transcript of Defendant Depue's testimony given during the prior trial in this matter, which resulted in a deadlocked jury yesterday (February 16, 2012).

Unlike a trial where an ECRO is used, in a trial where a court reporter is used the transcript of the trial is the official record of the trial. By policy of the Administrative Office, a court reporter is also directed to use a recorder as a backup in the event of a question about, or a failure to obtain, a transcript. A court reporter is not permitted to reproduce, sell, or otherwise distribute the recordings, except as ordered by the Court, for good cause.

There are several reasons for the foregoing. Two reasons are (1), the recording is the work product of the court reporter for use in verifying the accuracy of the transcript when necessary, just as handwritten notes would be; and (2), the recording is activated at the beginning of the day and turned off at the end of the trial day. This means that it is running and recording anything that might be said, even between counsel and a party if they are near a microphone.

1       Furthermore, because the transcript is the official record, for official purposes, where there are discrepancies between the two, the transcript remains the official record, unless the *court reporter* determines there is an error in the transcript based upon which she believes is the more accurate.

      Accordingly, the Court will deny, at present, the request for an order to release the audio to avoid setting an improper and unwise precedent. The transcript may, however, be produced with appropriate compensation to the court reporter.

      The Court is aware that it is a "general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *See, U.S. v. Harrison*, 392 U.S. 219, 222, (1968). The Court assumes that the United States will use his testimony in its case-in-chief. The Court is not oblivious of the preference to play a recording which would contain Mr. Depue's voice. However, it will require that the transcript be used for the Government's case-in-chief.

      However, the Court has requested of its court reporter that she attempt to isolate, on a separate disc, just the Defendant's testimony during the last trial. IF she is successful in doing so, and, IF the Defendant changes his testimony or challenges the validity or accuracy of the transcript of his testimony, or attempts to explain away his testimony, the Court will consider disclosure of the audio, for the purposes of playing it to the jury, in the Government's case in rebuttal.

      IT IS THEREFORE ORDERED that the United States' **Motion for an Order to Release the Audio of Defendant's Trial Testimony** (#133) is denied without prejudice.

      Dated: February 17, 2012.

                                                  _____
                                                  **Roger L. Hunt**
                                                  **United States District Judge**