FILED

FEB 15 2012

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

1
2
3
4   # UNITED STATES DISTRICT COURT
5   ## DISTRICT OF NEVADA
6   -oOo-

7   UNITED STATES OF AMERICA,               )          2:10-cr-0121-RLH-RJJ
                                            )
8                    Plaintiff,             )
                                            )
9        vs.                                )
                                            )
10  BRETT I. DEPUE,                         )
                                            )
11                   Defendant.             )
    _____)

12
13                          JURY INSTRUCTIONS
14
15
16
17
18  DATED: _Fabruary 15_, 2012.
19
20
21
22
23
24                              _____
25                              United States District Judge
26

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION** *1*

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION** 2

The evidence you are to consider in deciding what the facts are consists of:

(1)        the sworn testimony of any witness;

(2)        the exhibits received in evidence; and

(3)         any facts to which the parties have stipulated.

**INSTRUCTION** _3_

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers, or the defendant when acting as his own lawyer,  are not evidence.  The lawyers, or the defendant when acting as his own lawyer, are not witnesses.  Although you must consider a lawyer's, or the defendant's when acting as his own lawyer, questions to understand the answers of a witness, the lawyer's, or the defendant's when acting as his own lawyer, questions are not evidence.  Similarly, what the lawyers, or the defendant when acting as his own lawyer, have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers, or the defendant when acting as his own lawyer, state them, your memory of them controls.

2.  Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION 4**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION** 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION 5**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION** *7*

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION** *8*

You have heard testimony from Brian Barney, Sam Cardoso, Cassidy Cotten, Jenna Depue, Brett Gibbs, Angelica Kimber, Jeff Lonsdale, and Paula Martin, witnesses who received benefits from the government in connection with this case; and admitted being accomplices to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime; and pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining the witness's believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

**INSTRUCTION** _7_

1    You are here only to determine whether the defendant is guilty or not guilty of the charges

2    in the indictment. Your determination must be made only from the evidence in the case. The

3    defendant is not on trial for any conduct or offense not charged in the indictment. You should

4    consider evidence about the acts, statements, and intentions of others, or evidence about other

5    acts of the defendant, only as they relate to these charges against this defendant.

**INSTRUCTION NO.** *10*

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**INSTRUCTION** *17*

1

**INDICTMENT**

2

3

<u>COUNT ONE</u>
**Conspiracy to commit bank fraud, mail fraud, and wire fraud**

4

5        2.              From on or about February 1, 2005, to on or about May 31, 2007, in the

6   State and Federal District of Nevada and elsewhere,

7                        **BRETT DEPUE,**

8   defendant herein, did knowingly and willfully combine, conspire, and agree with each other and

9   with others known and unknown to the grand jury:

10                       a.       To devise a scheme and artifice to defraud and for obtaining money

11  and property by means of materially false and fraudulent pretenses, representations, and promises,

12  and for the purpose of executing the scheme and artifice, and attempting to do so, did cause to be

13  used U.S. Mail and commercial interstate carriers to send and deliver mortgage loan applications,

14  other supporting documentation, and financial instruments, in violation of Title 18, United States

15  Code, Section 1341;

16                       b.       To devise a scheme and artifice to defraud and for obtaining money

17  and property by means of materially false and fraudulent pretenses, representations, and promises,

18  and for the purpose of executing the scheme and artifice, and attempting to do so, did cause to be

19  transmitted by means of wire communications in interstate commerce, funds and mortgage loan

20  documents, for purposes of executing the scheme and artifice, in violation of Title 18, United

21  States Code, Section 1343; and

22                       c.       To devise a scheme and artifice to defraud and to obtain money and

23  property under the custody and control of federally-insured financial institutions, by means of

24  materially false and fraudulent pretenses, representations and promises, in violation of Title 18,

25  United States Code, Section 1344.

26

The Objectives of the Conspiracy

3.        The object of the conspiracy and scheme was to obtain money and property by causing false information regarding straw buyers' employment, income, assets, liabilities, earnest money deposit, and intention to occupy the property as their primary residence, to be placed in the straw buyers' mortgage loan applications and supporting documentation to obtain mortgage loans from financial institutions.  Through these transactions, defendant obtained money and property from financial institutions by causing money from mortgage loans to be disbursed to their own use and benefit.

Manner and Means

4.        The manner and means by which the objectives of the conspiracy were accomplished included, but were not limited to, the following:

a.        Defendant solicited persons to act as straw buyers to purchase real estate.  In some instances, defendant caused straw buyers to purchase multiple houses at or about the same time.

b.        Defendant then caused straw buyers to apply for mortgage loans from financial institutions, some of which were federally-insured financial institutions.

c.        Defendant caused the loan applications and supporting documentation to falsely and fraudulently represent the straw buyers' employer, income, assets, liabilities, and intent to occupy the homes as their primary residences, when defendant then and there well knew the information to be false.

d.        Defendant knowingly verified and caused to be verified the straw buyers' false employment to financial institutions when defendant then and there well knew that the straw buyers did not work were defendant represented that they worked.

e.        Defendant obtained money from financial institutions in the form of third party disbursements, sellers' proceeds, and commissions.

/ / /

f.      Defendant submitted and caused to be submitted by U.S. Mail and commercial interstate couriers to financial institutions, false and fraudulent loan applications and supporting documents to induce the financial institutions to lend money to fund mortgage loans.

g.      Defendant caused documents necessary to the mortgage loan transactions to be transmitted to and from lending institutions by interstate wire communications.

h.      Defendant caused financial institutions to transmit money through commercial interstate couriers and interstate wire communications to pay off prior mortgage loans and to fund new mortgage loans.

Overt Acts

5.      On or about the dates below, defendant submitted and caused to be submitted mortgage loan applications and supporting documents to fund the purchase of the properties identified below with each application containing one or more fraudulent representations regarding the borrowers employment, income, assets, and intent to occupy the property as a primary residence, each of which constitutes an overt act:

| Dates | Property Address |
| --- | --- |
| 4/12/2005 to 8/30/2005 | 7817 Fruit Dove Street, North Las Vegas, Nevada |
| 7/21/2005 to 9/14/2005 | 2324 Cockatiel Drive, Las Vegas, Nevada |
| 7/21/2005 to 9/20/2005 | 928 Lloyd George Drive, Henderson, Nevada |
| 12/30/2005 to 3/9/2006 | 11505 Lone Point Court, Las Vegas, Nevada |
| 1/4/2006 | 46 Fountainhead Circle, Henderson, Nevada |
| 1/10/2006 to 2/2/2006 | 2122Oliver Springs Street, Henderson, Nevada |
| 1/10/2006 to 2/24/2006 | 11254 Alga Court, Las Vegas, Nevada |
| 4/4/2006 to 5/23/2006 | 2489 Abbeystone Circle, Las Vegas, Nevada |
| 5/19/2006 to 6/30/2006 | 11261 Tenza Court, Las Vegas, Nevada |
| 5/19/2006 to 7/25/2006 | 11624 Aruba Beach Avenue, Las Vegas, Nevada |
| 6/20/2006 to 6/28/2006 | 3109 Whispering Canyon Court, Las Vegas, Nevada |

| | | |
|---|---|---|
| 1 | 6/30/2006 to 7/14/2006 | 7521 Brookwood Avenue, Las Vegas, Nevada |
| 2 | 7/1/2006 to 9/29/2006 | 7530 Apple Springs Avenue, Las Vegas, Nevada |
| 3 | 9/13/2006 to 11/13/2006 | 3276 Alcudia Bay Avenue, Las Vegas, Nevada |
| 4 | 1/9/2007 to 3/28/2007 | 266 Rolling Springs Drive, Las Vegas, Nevada |
| 5 | 2/2/2007 to 2/23/2007 | 4034 Annendale Avenue, North Las Vegas, Nevada |
| 6 | 3/7/2007 to 4/27/2007 | 878 Bare Branch Avenue, Las Vegas, Nevada |

7

8        All in violation of Title 18, United States Code, Section 1349.

9

10                    **COUNTS TWO THROUGH SEVEN AND TEN**
                              **Wire Fraud**

11

12        7.        From on or about February 1, 2005, to on or about May 31, 2007, in the

13   State and Federal District of Nevada and elsewhere, defendant,

14                              **BRETT DEPUE,**

15   did devise and intended to devise a scheme and artifice to defraud and for obtaining money and

16   property by means of false and fraudulent pretenses, representations and promises.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

8.       On or about the dates set forth below, in the State and Federal District of Nevada and elsewhere, defendant, for the purpose of executing the scheme, did cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds, with each transmission constituting a separate violation of Title 18, United States Code,

Sections 1343:

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 2 | 9/13/05 | Interstate telephone verification of Dan Jones' employment in the 2324 Cockatiel Dr. transaction |
| 3 | 9/23/05 | Interstate wire of $549,961.10 to fund the 928 Lloyd George Dr. transaction |
| 4 | 2/2/06 | Interstate wire of $75,556.57 to fund the 2122 Oliver Springs St. transaction |
| 5 | 2/24/06 | Interstate wire of $398,242.51 to fund the 11254 Alga Ct. transaction |
| 6 | 3/14/06 | Interstate fax of lending conditions in the 11505 Lone Point Ct. transaction |
| 7 | 6/29/06 | Interstate fax of payoff statement s in the 11624 Aruba Beach transaction |
| 10 | 9/26/06 | Interstate fax of Borrower Reference form in the 7530 Apple Springs St. transaction |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**INSTRUCTION** _12_

The indictment is not evidence.  The defendant has plead not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION** *13*

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION 14**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION** *15*

The defendant is charged in Count One of the indictment with conspiring to commit mail, wire and bank fraud in violation of Sections 1341, 1343, and 1344 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 1, 2005, and ending on or about May 31, 2007, there was an agreement between two or more persons to commit at least one crime as charged in the indictment:

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION 16**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though the defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**INSTRUCTION 17**

1    In order for the defendant to be found guilty of mail fraud, the government must prove
2  each of the following elements beyond a reasonable doubt:

3    First, the defendant knowingly participated in, devised, intended to devise a scheme or
4  plan to defraud, or a scheme or plan for obtaining money or property by means of false or
5  fraudulent pretenses, representations, or promises;

6    Second, the statements made or facts omitted as part of the scheme were material; that is,
7  they had a natural tendency to influence, or were capable of influencing, a person to part with
8  money or property;

9    Third, the defendant acted with the intent to defraud; that is, the intent to deceive or
10  cheat; and

11    Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry
12  out an essential part of the scheme.

13    In determining whether a scheme to defraud exists, you may consider not only the
14  defendant's words and statements, but also the circumstances in which they are used as a whole.

15    A mailing is caused when one knows that the mails will be used in the ordinary course of
16  business or when one can reasonably foresee such use.  It does not matter whether the material
17  mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it
18  matter whether the scheme or plan was successful or that any money or property was obtained.

19
20
21
22
23
24
25
26            **INSTRUCTION** 17a

1         In order for the defendant to be found guilty of bank fraud, the government must prove

2 each of the following elements beyond a reasonable doubt:

3         First, the defendant knowingly carried out a scheme or plan to obtain money or property

4 from financial institutions by making false statements or promises;

5         Second, the defendant knew that the statements or promises were false;

6         Third, the statements or promises were material; that is, they had a natural tendency to

7 influence, or were capable of influencing, a financial institution to part with money or property;

8         Fourth, the defendant acted with the intent to defraud; and

9         Fifth, the financial institutions were federally insured.

**INSTRUCTION 17b**

The defendant is charged in Counts Two through Seven and Ten of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of each of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, wire communications in interstate commerce  to carry out or attempt to carry out an essential part of the scheme.

**INSTRUCTION** _18_

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION _17_**

An intent to defraud is an intent to deceive or cheat.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION** *20*

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**INSTRUCTION** *21*

Loose lending practices do not constitute a defense to bank fraud, mail fraud or wire fraud, but the lending standards applied by the financial institutions are relevant to the question of materiality to the jury's determination of whether false statements had a natural tendency to influence, or were capable of influencing, the decision of the financial institutions in this case.

**INSTRUCTION 22**

A defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime of fraud, or conspiracy to commit fraud.

**INSTRUCTION** 23

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, as to each count, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION** 24

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION** 25

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION** 26

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION** *27*

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, the presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**INSTRUCTION** 28