DANIEL G. BOGDEN
United States Attorney
District of Nevada
SARAH E. GRISWOLD
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
702-388-6336
Fax: 702-388-6418

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-121-RLH-RJJ |
| Plaintiff, | **UNITED STATES' TRIAL MEMORANDUM** |
| vs. | |
| BRETT DEPUE, | |
| Defendant. | |

The United States of America, by and through Daniel G. Bogden, United States Attorney, District of Nevada, and Sarah E. Griswold, Assistant United States Attorney, submits this trial memorandum to supplement its previous trial memorandum filed at Document 118.

The United States anticipates that the issues set forth below may arise during trial.

**1.    Reference to Prior Trials**

The Court previously ordered the parties not to reference a prior trial. (Doc. 159; *see also* Doc. 141.) This was appropriate. *See, e.g., Thompson v. Pliler*, 339 Fed. Appx. 782, Slip op. *2 (9th Cir. 2009) (unpublished) (finding that it was a reasonable concern "that informing the jury that a prior jury had been unable to reach a verdict might have skewed their

deliberations"); Ninth Circuit Model Criminal Jury Instruction No. 2.15 comment (2010 ed.). During the second trial, defendant referenced the first trial as early as opening statement. (*See* Doc. 250 at 53:16-17.) In the event a prior trial is referenced, rather than simply a previous proceeding where a witness testified under oath, the United States requests that at the time of the reference to a prior trial, the Court give the following instruction to the jury:

> You have heard evidence that the defendant has been tried before. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. You are not to consider the fact of a previous trial in deciding this case.

Ninth Circuit Model Criminal Jury Instruction No. 2.15 (2010 ed.).

## 2. Defendant's Prior Statements

The government intends to introduce at trial clips of two audio recordings of the defendant that were made by co-conspirator Brett Gibbs. The government further intends to display transcripts of the recordings while the recordings are played for the jury, but not to introduce the transcripts into evidence. The clips of the recordings were previously admitted in the first and second trials as Exhibits 53A and 53B, and transcripts of the clips were previously displayed to the jury while the clips were played. The government does not propose changing the clips themselves or the transcripts. Defendant has declined to stipulate to the admissibility of these recordings. As of the time of this submission, defendant has not responded to the government's inquiry whether he agrees to the substance of the clips.

The government also intends to introduce at trial portions of defendant's testimony from the first trial in this case. During the second trial in this case, the government read into evidence a redacted version of defendant's testimony from the first trial. The government sought defendant's response to reading in to evidence the same redacted transcript at the upcoming trial, but has not received a response.

The United States can introduce portions of defendant's prior statements without introducing entire audio recordings or testimony. First, much of what the government seeks to redact concerns areas that this court and the Ninth Circuit previously held should be excluded as irrelevant. (Doc. 159; *United States v. Depue*, 595 Fed. Appx. 732, 733-34 (9th Cir. 2015). *See also* Doc. 291 (United States' pending motion to exclude evidence).) Second, the government can seek to introduce portions of defendant's prior statements as admissions by a party-opponent, while similar efforts by the defendant would amount to introducing inadmissible hearsay. A defendant's "non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements." *United States v. Ortega*, 203 F.3d 675, 682 (9t Cir. 2000) (*citing Williamson v. United States*, 512 U.S. 594, 599 (1994). If the court were to rule otherwise, a defendant would be "able to place his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." *Id.* (internal quotation marks omitted). The rule of completeness codified at Federal Rule of Evidence 106 does not alter this analysis. *Id.*

### 3. Witnesses' Prior Testimony

In the event that a trial witness does not remember some aspect of the events to which he testified previously in this case, the United States may address this in one of two ways. First, the United States may simply read into evidence the witness' prior sworn testimony on the subject pursuant to Federal Rule of Evidence 804(a)(3) and (b)(1). Alternatively, the United States may attempt to refresh the witness' recollection with a transcript of his prior testimony pursuant to Federal Rule of Evidence 612. If such an attempt to refresh the witness' recollection fails, the United States may then read the prior testimony into the record. Fed. R. Evid. 804(a)(3), (b)(1). If a witness testifies contrary to his prior testimony in this case, the

United States may read into evidence the prior inconsistent testimony pursuant to Federal Rule of Evidence 801(d)(1)(A).

**4. Pro Se Issues**

Defendant has exercised his right to represent himself, and the court has appointed new standby counsel. (Doc. 268.) Standby counsel is not cocounsel. Standby counsel may assist a pro se defendant "in two ways: (1) 'in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete;' and (2) by 'helping to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.'" *Frantz v. Hazey*, 533 F.3d 724, 740 (9th Cir. 2008) (en banc) (*quoting McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

Before the second trial in this case, the Court granted the government's motion to exclude evidence in the following areas:

(1) evidence of what the defendant did or did not do with the proceeds of the fraudulent real estate transactions at issue in this case; (2) evidence of the state of the economy or the real estate market during and after the time period of the conspiracy; (3) evidence of the defendant's business dealings other than the real estate transactions at issue; (4) evidence of what happened to the defendant professionally, personally, or financially after the conspiracy ended; (5) evidence regarding the defendant's opinion about whether he or his coschemers should be punished for their participation in the real estate transactions at issue; (6) the defendant should not be permitted to intimidate witnesses; and (7) evidence or statements referring to the prior trial.

(Docs. 159, 141.)

///

As early as his opening statement in the second trial, defendant directly and repeatedly defied the Court's order. Defendant discussed:

- his opinion that "the loan officers and brokers that were breaking the law, they did – they do deserve to get in trouble and go to prison for what happened," (Doc. 250 at 44:7-9);
- "an epidemic of lender fraud going on in Las Vegas," (*id.* at 47:8-9); and
- he "lost everything," (*id.* at 48:23), "I didn't get rich, I lost everything, (*id.* at 49:6-7).

The United States has a filed a renewed motion to exclude evidence in these areas. (Doc. 291.) If the motion is granted, the United States will request that the Court explain the ruling to defendant in light of defendant's immediate and persistent contravention of the Court's prior order.

## CERTIFICATE OF READINESS FOR TRIAL

The undersigned hereby certifies that she is trial counsel for the United States herein; that subpoenas have issued for all non-Government employees who will testify herein; and that the matter is ready for trial on the date set.

DATED this 20th day of July, 2015.

DANIEL G. BOGDEN
United States Attorney

SARAH E. GRISWOLD
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing UNITED STATES' TRIAL MEMORANDUM will be personally served on pro se defendant Brett Depue prior to the commencement of trial.

DATED this 20th day of July, 2015.

*[signature]*

Sarah E. Griswold